# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1892.

CHARLES HANEWACKER

v.

HARRIET FERMAN.

*Dram Shops—*\ *ught of Circumstantial as Against Direct Evidence— Province of Jury—Special Interrogatories—Evidence—Punitive Damages.*

1. In an action under the Dram Shop Act, where the proof that plaintiff's husband had received liquor in defendant's saloon was purely circumstantial and was contradicted by positive evidence, *held*, that it was peculiarly the province of the jury to decide on which side the truth lay.

2. Immaterial evidence which was admitted against objection bearing on the question of damages, *held*, to have been so carefully guarded by instructions as not to constitute reversible error.

3. If defendant sold plaintiff's husband liquors surreptitiously, against repeated protests of plaintiff, after the husband had acquired the habit of drinking to excess, and under circumstances which advised him of the impoverished condition of the family, punitive damages might properly be awarded.

4. Where a party desires special findings, his questions must be so framed as to submit to the jury material and controlling facts.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. J. L. HAAS and W. H. GEST, for appellant.

Messrs. J. T. KENWORTHY and M. M. STURGEON, for appellee.

MR. JUSTICE HARKER. This was a suit brought by appellee under the Dram Shop Act, to recover damages for injury to her means of support, her person and her personal property, caused by the sale of intoxicating liquor to her husband by appellant. The declaration contains two counts. The first alleges that the defendant, a saloon keeper, sold and gave intoxicating liquor to her husband from time to time, causing his continuous intoxication for a period of two years. The second charges such sales and that they caused her husband to become an habitual d????? verdict and judgment were rendered against th? for $1,200. He has appealed and seeks a reve? as alleged, the Circuit Court erred in admitting improper evidence, in giving and modifying instructions, in refusing to submit certain questions of fact for the special finding of the jury, and because the verdict is against the evidence and is excessive.

For several years prior to the commencement of this suit William Ferman, the husband of appellee, had lived with his wife and children in the little village of Hampton, following to some extent the occupations of barber, paper hanger, painter, tinner, clock tinker and common laborer. About fifteen years ago he began the use of intoxicating liquor. His use of it has gradually increased, and for three or four years he has neglected the support of his family. Although there is some conflict in the evidence, we are satisfied from it that for four or five years the family have been in a condition bordering on pauperism, and that such meager support as they have had, has been furnished by appellee's own hands, while her husband was spending his time in the saloon of appellant and other saloons in the village. That appellee has been injured in her means of support by reason of the intoxication of her husband, we

Hanewacker v. Ferman.

entertain no doubt. The only serious question in controversy is the connection of appellant with producing that intoxication. No witness testified to seeing appellant or any one in his saloon sell or give liquor to Ferman. The conclusion that he did obtain liquor there was evidently reached from the circumstances of Ferman spending much of his time in the saloon, his going in there sober and coming out drunk, and his being seen at appellant's bar with glasses in front of him. Appellant and his bartender denied on oath that Ferman had obtained liquor there, and they were corroborated by Ferman himself. It was a very serious matter for the jury to disbelieve this positive testimony, and find from the circumstances alone that Ferman had procured liquor there; but it was their peculiar province, in view of the inharmony between the positive evidence on one side, and the circumstantial evidence on the other, to decide where the truth was. We are not prepared to say that decision was wrong.

Much complaint is made by counsel of the latitude allowed by the court to the plaintiff in showing upon the trial the number of children in the family, how poorly they were provided for, the character of labor she was compelled to perform, what she earned and how she spent it all in support of the family. While some of this testimony could have been excluded as immaterial, we are unable to see how its admission was possible to affect the result except as to matter of damages; and in that respect it was most carefully guarded by instructions. No error was committed in giving instructions for the plaintiff or in modifying others offered by the defendant.

The defendant asked six questions of fact to be submitted to the jury for special finding. The court refused three of them and that is assigned as error. One asked the jury to find whether the plaintiff had within five years drank intoxicating liquor with her husband; one asked them to find whether she had within that time drank intoxicating liquor with her husband and one Joseph Hermer, and the other asked them to find whether she had within that time drank

intoxicating liquor with her husband and one S. L. Meader. Where a party desires special findings under one statute his questions should be so framed as to submit to the jury material and controlling facts. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132. The questions refused did not submit material and controlling facts and were properly refused.

It is contended that the damages are excessive. When considered as actual damages this is perhaps true. But if the jury were warranted under the evidence in awarding actual damages, then we think the circumstances were sufficient to authorize the awarding of punitive damages also. Clearly the plaintiff was injured in her means of support by the intoxication of her husband, and we can not say the jury found incorrectly that the defendant aided in producing that intoxication. If he sold to the husband liquors, he did so surreptitiously, against the repeated protests of the plaintiff, after the husband had acquired the habit of drinking to excess, and under circumstances which advised him of the impoverished condition of the family.

We are of the opinion the judgment should be affirmed.

*Judgment affirmed.*