Brink's Chicago City Express Co. v. Frank T. Kinnare, Adm'r.

1. NEGLIGENCE—Questions of—Submitted as Questions of Fact.—When the question as to whether A has been guilty of negligence has been fairly submitted to a jury the verdict is conclusive.

2. SPECIAL FINDINGS—As to Controlling Facts.—It is only as to controlling facts that a party has a right to have special findings.

3. EVIDENCE—City Ordinances in Personal Injury Cases.—In an action for personal injuries where there is evidence tending to show that the defendant's team was being driven at a rate of speed forbidden by the city ordinances, and that such violation contributed to the injury, the city ordinances are properly admitted in evidence.

Trespass on the Case.—Death from negligent acts. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

STATEMENT OF THE CASE.

This is an action on the case, brought by appellee as administrator, to recover damages for the death of the intestate, such death being alleged to have been caused by the negligence of one of the servants of appellant.

The deceased was, at the time of his death, a boy about four years of age. Appellant was a corporation of this State, engaged in the business of transporting goods and merchandise in and about the city of Chicago, using horses and wagons as the means of making such transportation. The deceased lived with his parents on West Madison street, near the corner of Canal street, but a few rods from the scene of the accident. On the 15th day of July, 1893, about the hour of noon, one of the wagons of appellant was going

west on Madison street; it was an ordinary, covered, one-horse express wagon, with a light load therein. From the west end of the railroad viaduct on Madison street there is a slight decline to the west, extending as far as Canal street, a distance of from 150 to 200 feet. The deceased was endeavoring to cross Madison street, and was struck by the horse or wagon of appellant, receiving injuries from which death resulted almost immediately. The parents of the deceased had lived near the corner of Canal and Madison streets for years, being then engaged in the clothing business, with living rooms in the rear of their store. A street car line was in operation on Madison street, and the passage of teams and vehicles along Canal as well as Madison street was of very frequent occurrence. Just prior to the accident, the father of the deceased had given him money with which to go out and purchase fruit for himself. The horse attached to appellant's wagon was about ten years old, well broken, gentle, used to being driven about the city, and sore in the feet. The driver of the wagon (who died prior to the trial of this cause) was a competent and reliable man, who had been in the employ of the company for a considerable space of time.

There was a sharp conflict in the evidence on the following questions:

Whether there were one or two persons upon the driver's seat at the time of the accident; whether at such time the driver and some person on the seat with him were "fooling" with one another; the direction in which the deceased was going when struck; whether he was on the cross-walk or not at that time; whether the horse or the wagon struck him; the rate of speed at which the wagon was going; what the deceased was doing when struck, and what was said and done by the father at the time he gave deceased the money to buy the fruit; also as to whether there was a fruit wagon immediately in front of the store of the father when he gave deceased the money to buy the fruit.

The jury found the defendant guilty, and assessed the plaintiff's damages at $3,000; the jury returned the following answers as a part of their verdict:

" What rate of speed does the evidence show the horse was going at the time of the accident?

Seven miles an hour.

Was the driver guilty or not guilty of negligence in driving the horse at the time of the accident?

He was guilty."

NEWELL & HELDMAN and JAMES H. VAN HORN, attorneys for appellant.

MOSES, PAM & KENNEDY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

That the deceased while going across Madison street was struck and killed by a team driven by appellant's servant, is undisputed. Whether death was the result of negligence by this servant, and whether the parents of this child were, in their care over him, so negligent as to preclude a recovery—that is, did not exercise ordinary care in respect to their son, were matters concerning which there was, as appellant urges, a sharp conflict in the testimony.

There was no clear preponderance for appellant as to these matters; and we must therefore treat these questions as having been properly decided by the jury adversely to appellant. The instruction to the jury that if the negligence of the parents of the deceased contributed to the injury the plaintiff could not recover, was all that, in this regard, the defendant was entitled to.

The instruction to the effect that nothing contained in any instruction is to be taken as an intimation as to any fact, has been often approved by the Supreme Court. The jury were in all respects fairly instructed, and appellant has no just ground of complaint in respect thereto.

The court properly refused to allow a witness to be asked his opinion as to whether the driver could have stopped in time to avoid the accident had he observed the deceased. The witness was not an expert as to such matters. The re-

quests for special findings made by appellant were properly refused; neither was as to a controlling matter. It is only as to controlling facts that a party has a right to have special findings. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 145; Hannewacker v. Furman, 47 Ill. App. 17; C. & N. W. Ry. Co. v. Bouck, 33 Ill. App. 127.

The city ordinances were properly admitted, as there was evidence tending to show that appellant's team was being driven at a rate of speed forbidden by the city regulations, and that such violation contributed to the injury.

The parents of the deceased may have been negligent; we are inclined to think that they were; but this question of fact having been fairly submitted to the court and jury below, we find no sufficient reason for overturning the conclusion there reached.

The judgment of the Circuit Court is affirmed.